IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FA MANAGEMENT, INC.
d/b/a McCLURE HOTEL,

    Plaintiff,

v.                                    Civil Action No. 5:13CV25
                                                 (STAMP)

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK,

    Defendant.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING DEFENDANT'S MOTION TO STRIKE AS FRAMED
AND DENYING DEFENDANT'S MOTION IN LIMINE**

I. <u>Background</u>

This insurance coverage dispute was removed to this Court from the Circuit Court of Ohio County, West Virginia. The plaintiff, FA Management, Inc. d/b/a McClure Hotel ("McClure"),[1] alleges that it had an insurance contract with the defendant, Great American Insurance Company of New York ("Great American") and that Great American has incorrectly appraised the damage to McClure. In its amended complaint, the plaintiff requests that the Court appoint an umpire pursuant to the insurance contract and also alleges a breach of contract claim based on Great American's nonpayment of the insurance claim. Pursuant to this Court's order and withdrawal by

---

[1]This Court notes that two spellings of the hotel are used by the parties, "McClure" and "McLure." This Court will use the spelling used in the caption heading of the plaintiff's amended complaint. ECF No. 1-9 *26.

the plaintiff, Count I, appointment of an umpire, was dismissed without prejudice. Thus, the only remaining claim is breach of contract.

The underlying issue arose when McClure claimed that there was interior damage to the hotel due to a storm in 2010. The McClure also made a claim for damage to its roof due to a storm and asserted that the storm damage incurred was over $200,000.00. Great American investigated both claims and its investigator found that only $12,755.05 of the damage was due to a storm. Otherwise, Great American found that the damage was due to lack of maintenance and deterioration. Thus, Great American applied the $5,000.00 deductible under the policy from that amount and tendered to McClure $7,755.05. This action followed after Great American denied McClure's subsequent demand for appraisal. The plaintiff is now seeking damages in excess of $900,000.00.

The defendant has filed a motion for summary judgment in which it argues that the plaintiff has failed to show that it has coverage pursuant to the insurance policy because the plaintiff was untimely in reporting the loss and fails to carry its burden of proof. Further, the defendant filed a motion to strike the testimony of plaintiff's expert Stephen Maslan ("Maslan") asserting that the defendant has been prejudiced by its inability to obtain a deposition of Maslan. Lastly, the defendant filed a motion in limine to exclude the testimony of plaintiff's expert Nicholas

Scurra ("Scurra") arguing that Scurra lacks the qualifications to opine upon the issues for which Scurra's testimony has been sought. The defendant's motions were fully briefed. Thereafter, this Court held a pretrial conference on June 2, 2014, which both parties attended by counsel. At that conference, this Court announced its findings denying the motion for summary judgment, denying as framed the motion to strike, and denying the motion in limine. This order sets forth those findings in more detail.

## II. Applicable Law

A. Motion for Summary Judgment

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly

supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial ." <u>Anderson</u>, 477 U.S. at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id.</u> at 250; <u>see also</u> <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950))).

In <u>Celotex</u>, the Court stated that "the plain language of Rule 56© mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.  Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery.  <u>See</u> <u>Oksanen v. Page Mem'l Hosp.</u>, 912 F.2d 73, 78 (4th Cir. 1990), <u>cert. denied</u>, 502 U.S. 1074, 112 S. Ct. 973, 117 L.Ed.2d 137 (1992).  In reviewing

4

the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

B. Motion to Strike

Federal Rule of Civil Procedure 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." In conjunction, Rule 37 provides sanctions for a party's failure to cooperate in discovery, including providing persons for depositions:

> If a party or a party's officer, director, or managing agent -- or a witness designated under Rule 30(b)(6) or 31(a)(4) -- fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . .

Fed. R. Civ. P. 37(b)(2). Further, while the imposition of sanctions under Rule 37(b) lies within this Court's discretion, "[i]t is not . . . a discretion without bounds or limits." Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995) (citing Wilson v. Volkswagen of Am., 561 F.2d 494, 503 (4th Cir. 1977), cert. denied, 434 U.S. 1020 (1978)).

5

C.   Motion in Limine

The introduction of expert opinion testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 requires the trial judge to "ensure that any and all scientific testimony or evidence is not only relevant, but reliable." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). This "gatekeeping" obligation applies to all expert testimony, and not just the scientific testimony at issue in Daubert. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 148 (1999). Importantly, "rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 advisory committee's note.

Finally, it is important to recognize that, notwithstanding a trial court's "gatekeeping" function as to expert opinion, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and

appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 595.

## III. Discussion

A. Motion for Summary Judgment

In its motion for summary judgment, the defendant contends that summary judgment should be granted because the plaintiff cannot show that it was entitled to coverage under the insurance contract. The defendant asserts that the plaintiff (1) failed to timely provide notice of the loss because notice was provided either nine or 13 months after the loss and (2) failed to timely provide a sworn statement (within 60 days) which foreclosed coverage. The defendant contends that these delays prejudiced it. Next, the defendant asserts that the plaintiff cannot prove that it incurred a covered loss within an applicable policy period. The plaintiff has provided the opinion of two experts, Stephen Maslan and Nicholas Scurra, who testified that by a visual inspection they believe hail damage occurred to the roof. The defendant argues that the most the plaintiff can present is that according to weather data, there was hail in Wheeling on March 22, 2010, which because of the plaintiff's delay in notification, cannot be verified as the event that caused the damage to the hotel.

In its response, plaintiff contends that pursuant to the language of the insurance contract, the defendant only makes a loss payment after a determination is made that all terms of the policy

7

have been met.  Thus, because the defendant made a partial payment of damages, it conceded that the policy terms had been met based on an interpretation of its own policy and thus waived and is estopped from asserting its timeliness arguments.  Further, the plaintiff asserts that if the defendant wants to pursue its line of argument, then the policy must be ambiguous and thus must be construed in favor of the plaintiff.  Next, the plaintiff argues that it has presented sufficient evidence to create an issue of material fact that the damage at issue, which it claims occurred on March 22, 2010 and in July 2010, occurred during the policy period.

Great American replies that in its reservation of rights letter, it indicated that it was aware that the plaintiff had sent its notice of loss nine months after the loss, that the loss had not been proven, and that any investigation it had undertaken or would undertake in the future would not prejudice its rights or the rights of the plaintiff under the policy.  Thus, Great American asserts that it has not waived its right to deny the plaintiff's claim based on untimeliness.  Further, Great American concedes that it paid a portion of the plaintiff's claim as a good faith business decision because it accepted that there may have been some hail damage that may have occurred during a policy period. Finally, the defendant asserts that the plaintiff has not shown that it detrimentally relied on the defendant's coverage position which is required for estoppel.  The defendant then reasserts its position

that the plaintiff has not met its burden of proof in showing that it incurred a covered loss within an applicable policy period.

1. <u>Timeliness</u>

The West Virginia Supreme Court has held that the "[d]etermination of the proper coverage of an insurance contract when the facts are not in dispute is a question of law." <u>Murray v. State Farm Fire and Cas. Co.</u>, 509 S.E.2d 1, 6 (W. Va. 1998) (citing <u>Pacific Indemnity Co. v. Linn</u>, 766 F.2d 754, 760 (3d Cir. 1985)). "The interpretation of an insurance contract, including the question of whether the contract is ambiguous, is a legal determination . . . ." <u>Riffe v. Home Finders Associates, Inc.</u>, 517 S.E.2d 313, 317 (W. Va. 1999).

"It is well settled law in West Virginia that ambiguous terms in insurance contracts are to be strictly construed against the insurance company and in favor of the insured." Syl. pt. 4, <u>National Mut. Ins. Co. v. McMahon & Sons, Inc.</u>, 356 S.E.2d 488 (W. Va. 1987). Furthermore, "[w]henever the language of an insurance policy provision is reasonably susceptible of two different meanings or is of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning, it is ambiguous." Syl. pt. 1, <u>Prete v. Merchants Property Ins. Co. of Indiana</u>, 223 S.E.2d 441 (W. Va. 1976); Syl. pt. 2, <u>Murray v. State Farm Fire and Cas. Co.</u>, 509 S.E.2d 1 (W. Va. 1998).

However, whether notice has been given to an [ ] insurer within a reasonable period of time is an issue to be resolved by the *fact finder*. State Auto. Mut. Ins. Co. v. Youler, 396 S.E.2d 737, 742 (W. Va. 1990) (discussing automobile insurers specifically, emphasis added); State Farm Fire & Casualty Co. v. Scott, 372 S.E.2d 383, 385 (Va. 1988); State Farm Mut. Auto. Ins. Co. v. Milam, 438 F. Supp. 227, 232 (S.D. W. Va. 1977). "The purpose of a notice provision in an [ ] insurance policy is to give the insurer an opportunity to make a timely and adequate investigation of all the circumstances surrounding the event which resulted in a claim being made against the insurer." Ragland v. Nationwide Mut. Ins. Co., 120 S.E.2d 482, 484 (W. Va. 1961).

The following provides the process by which the fact finder, either the court or a jury, determines if the insured's delay should bar recovery:

> In cases which involve liability claims against an insurer, several factors must be considered before the Court can determine if the delay in notifying the insurance company will bar the claim against the insurer. The length of the delay in notifying the insurer must be considered along with the reasonableness of the delay. If the delay appears reasonable in light of the insured's explanation, the burden shifts to the insurance company to show that the delay in notification prejudiced their investigation and defense of the claim. If the insurer can produce evidence of prejudice, then the insured will be held to the letter of the policy and the insured barred from making a claim against the insurance company. If, however, the insurer cannot point to any prejudice caused by the delay in notification, then the claim is not barred by the insured's failure to notify.

Colonial Ins. Co. v. Barrett, 542 S.E.2d 869, 875 (W. Va. 2000).

The precedent set forth for determining if the insured's delay bars recovery has been examined under factual scenarios involving either automobile insurance or fire insurance. Such a precedent has not been specifically addressed in the realm of commercial property insurance. However, this Court finds that such precedent is generally applicable as those precedents set forth above are based on clauses that are generally found in a wide spectrum of insurance contracts. In <u>Youler</u>, the West Virginia Supreme Court noted that "[t]he particular language used in the automobile insurance policy as to the time in which notice must be given is not controlling; regardless of the language used, whether 'immediate,' 'prompt,' 'forthwith,' 'as soon as practicable' or words of similar import, the courts are generally in agreement that reasonable notice is sufficient." <u>Youler</u>, 396 S.E.2d at 742. In this case, the insurance contract required the plaintiff to provide "prompt notice" which falls within those "words of similar import" as set forth above. As such, because the plaintiff has requested a jury trial, the reasonableness of the plaintiff's either nine or 12 month delay would be a question for the jury, as would the question of whether or not the defendant was prejudiced by such delay.

As to the second condition precedent, providing a sworn statement of loss within 60 days, it is more clear that a delay of more than 60 days would fail to meet that requirement. However,

11

such delay would also require a determination of the prejudice caused to the defendant which would be a question for the jury. Accordingly, this Court cannot grant summary judgment based on the defendant's timeliness arguments because a genuine issue of material fact remains.

    2. <u>Proof of Covered Loss</u>

The parties disagree as to whether the plaintiff has created a genuine issue of material fact as to whether or not hail damage caused the water damage underlying the claims in this action. To reiterate, the party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

In this case, the plaintiff has come forward with two expert reports that indicate that hail and high winds were at least present on March 22, 2010, and the McClure Hotel submitted proof of subsequent wind and rain damage in July 2010. Thus, there is at least some evidence that the water damage could have been caused by hail, wind, or some other rain damage that would support a finding that the plaintiff's loss was covered by the insurance contract. <u>See</u> ECF Nos. 45-8; 45-10; 45-16. As such, this Court finds that

there is a genuine issue of material fact and summary judgment must be denied.

B.  <u>Motion to Strike</u>

The defendant contends that the expert testimony of Stephen Maslan should be excluded because the defendant has not been able to depose him pursuant to Federal Rule of Civil Procedure 26, despite providing dates of availability several times.  The defendant states that the discovery deadline has been moved four times and that the deposition of Maslan has not occurred before discovery has ended.  The defendant argues that pursuant to Federal Rule of Civil Procedure 37, his testimony should be excluded as a sanction for the plaintiff's actions of: (1) not providing dates of availability for more than five months; (2) not making the expert available knowing that the reason for the continuation of discovery deadlines was to allow time for the depositions to be taken; and (3) prejudicing the defendant because it now has had no opportunity to learn the bases of Maslan's opinions.

The plaintiff asserts that Maslan was not originally designated as an expert but now has been designated as an expert. The plaintiff contends that it has attempted to make him available for deposition and through no fault of the defendant, this has not occurred.  Further, the plaintiff asserts that Maslan was in Wheeling on March 25-26, 2014 and was available for a deposition at that time but defense counsel was unavailable.  The plaintiff

13

argues that because there is still ample time before trial, a deposition can still be scheduled and the defendant has yet to suffer any prejudice.

The defendant makes five assertions in its reply: (1) the plaintiff did not offer dates for Maslan's deposition, it simply told the defendant that the deposition would take place in Kansas City, Missouri; (2) plaintiff did offer the two March dates but those dates were after discovery had closed, after the defendant had filed its motion for summary judgment, and after the defendant had filed its motion to exclude testimony; (3) Rule 26 provides a party the right to depose "any person who has been identified as an expert whose opinions may be presented at trial," it does not matter that Maslan was not initially designated as an expert; (4) plaintiff never indicated that Maslan needed to be subpoenaed; and (5) the defendant will be prejudiced because Maslan may have information that would have precluded a motion for summary judgment or could have provided further support for the motion for summary judgment.

Although this Court has discretion to exclude Maslan's testimony in this action, this Court finds that such a sanction is not appropriate. <u>Hathcock</u>, 53 F.3d at 40. As the plaintiff notes, there is no set procedure for how an expert's deposition must take place and this Court has only been able to find one case in which a trial court found that the responsibility of providing a witness

for a deposition fell on the party offering the person as witness. In re Keystone Foods, Inc., 134 B.R. 828, 829 (Bankr. W.D. Pa. 1991).

This case, however, is distinguishable from that action. In In re Keystone, the United States Bankruptcy Court for the Western District of Pennsylvania found that the plaintiff had assumed responsibility for providing a witness for deposition. Id. at 830. The bankruptcy court reasoned that the defendant could assume, based on correspondence with plaintiff's counsel, that the witness was under the plaintiff's control and thus a subpoena was unnecessary. Id. at 829-30. The court cited the following facts to support its finding: (1) defendant's counsel had specifically asked plaintiff's counsel if the witness was no longer under the control of plaintiff's counsel, (2) defendant's counsel had asked specifically whether or not a subpoena was necessary to obtain the witness's presence, and (3) the witness was a member of the company being represented by plaintiff's counsel. Id. Based on those facts, the bankruptcy court found that plaintiff's counsel's response in the negative to defense counsel's questions regarding control over the witness and whether or not a subpoena was required provided an assumption of responsibility for providing the witness for a deposition. Id.

In this action, based on the correspondence between the parties, it is not clear that plaintiff's counsel assumed

15

responsibility for providing Maslan for a deposition. Defense counsel does not assert that he specifically asked plaintiff's counsel whether a subpoena was necessary or whether plaintiff's counsel did not have control over the witness. Further, Maslan is not a member or employee of plaintiff's company and thus it is unclear whether one could assume that plaintiff's counsel had control over the witness.

However, given that defense counsel has not had an opportunity to depose Maslan, this Court found that such an opportunity should be afforded as Maslan has provided an expert report and plaintiff's counsel plans on providing his testimony at trial. If such a deposition is not provided, the defendant would most certainly be prejudiced. Thus, at the pretrial conference, this Court set forth the following procedure for the parties: (1) plaintiff needs to make Maslan available and any costs expended in making him available should be paid by the plaintiff; (2) any attorneys' fees and costs expended by defendant's counsel in taking the deposition should be paid by the defendant and any attorneys' fees and costs expended by plaintiff's counsel in the deposition should be paid by the plaitiff; (3) defendant should pay the cost of the court reporter transcribing the deposition and the parties shall share the cost of any deposition copies; and (4) the parties should apprise the Court of any further difficulties in obtaining the deposition of Maslan.

C.  Motion in Limine

The defendant contends that the expert testimony of Nicholas Scurra should be excluded because Scurra is prohibited from submitting a bid to perform construction work to the plaintiff pursuant to West Virginia law and even if he is permitted to testify, certain opinions should be excluded since he lacks the qualifications and expertise to offer reliable testimony in certain areas.

The defendant first asserts that pursuant to West Virginia law, a contractor cannot submit a bid to perform work unless he is licensed by the West Virginia Contractor Licensing Board. The defendant contends that because Scurra is not licensed, he therefore cannot testify as to his estimates on the cost to repair the damage to the McClure (as this is basically a bid). The defendant then argues that Scurra lacks the necessary qualifications under Federal Rule of Evidence 702 to testify about the following:

> (1) whether the McClure was damaged by hail or wind damage;
> (2) the cause of any interior water damage;
> (3) whether the exterior installation finishing system ("EIFS") was properly installed and maintained or the proper methods of installing and maintaining an EIFS; and
> (4) the proper remediation methods for mold or mildew, including the costs associated with those methods.

The defendant asserts that Scurra is not qualified to testify to the above because: (1) he attempted to receive an industrial engineering degree and did not; (2) he is a master plumber and

17

licensed as a general contractor in Nebraska -- although a search for such proof of license by the defendant did not reveal that Scurra actually has such a license; (3) he has not been primarily responsible for the installation of an EIFS and is not certified to install an EIFS; (4) he can only opine that he believes the EIFS in the McClure was installed correctly based on the instructions he read for installing an EIFS; and (5) he has no training in identifying or assessing hail damage, or assessing mold remediation. Further, the defendant argues that Scurra's opinions are merely based on his personal observations and subjective beliefs and nothing more.

In response, the plaintiff argues that the defendant has not provided any law that supports its assertion that Scurra must have a contractor's license in order to provide expert testimony pursuant to Rule 702. Further, the plaintiff addresses each of the topics the defendant argues Scurra may not testify about:

> (1) <u>Hail damage</u>: Scurra can testify as to his observations and depending on the testimony this may not be considered expert testimony.
> (2) <u>Water damage</u>: This is also likely lay testimony pursuant to Rule 701. His observation that the water damage was caused by the pulling away of the EIFS from the structure is observable and is an "acute observation of a general contractor."
> (3) <u>EIFS installation</u>: Plaintiff does not dispute that Scurra is unable to provide an opinion.
> (4) <u>Mold and mildew remediation</u>: This service is within his knowledge and experience and his testimony would not go beyond the fact that the McClure needed to be treated for mold and mildew.

18

This Court has not found any case law or other precedent that requires that Scurra must have a contractor's license in order to provide expert testimony pursuant to Rule 702. It appears that the plaintiff, however, has conceded that Scurra's testimony may be curtailed to either lay testimony based on his observations and that Scurra's testimony on EIFS installation would likely not be allowed as he does not have the expertise to testify as to that subject.

Finally, as stated previously, it is important to recognize that, notwithstanding a trial court's "gatekeeping" function as to expert opinion, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." <u>Daubert</u>, 509 U.S. at 595. This Court believes that the defendant will be able to set forth the arguments made in its motion in limine through cross-examination and that this is not a case where the exception, excluding Scurra's testimony, rather than the rule should be applied. Fed. R. Evid. 702 advisory committee's note. As such, this Court must deny the defendant's motion in limine.

IV. <u>Conclusion</u>

For the reasons set forth above, this Court finds that the defendant's motion for summary judgment is hereby DENIED. Further, the defendant's motion to strike the testimony of Stephen Maslan is

DENIED AS FRAMED as set forth in the opinion above. Finally, the defendant's motion in limine to exclude the testimony of Nicholas Scurra is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: June 4, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE